## HAMILTON Exr et v FIRST NAT BK of
## PANDORA

Ohio Appeals, 3rd Dist, Allen Co

No 516. Decided June 24, 1929

■■■■■■■■■■■■

T. R. Hamilton, Lima, for Hamilton, Exr.

Lippincott & Lippincott, Lima, for Bank.

HUGHES, J.

There is no question of fact presented to us. It becomes solely a question of whether, under these circumstances, the executor is entitled by law to recover possession of this collateral security now in the hands of the Pandora Bank, without first discharging the obligations due to the bank from the estate of Emanuel M. Ridenour.

We have no direct authority in Ohio for the support of this claim made by the executor in this case, but the case of **Lingler v. Wesco**, reported in the 79 OS. 225, is urged upon us as enouncing a principal applicable to the facts involved here. In that case, a chattel mortgage was given to secure an obligation of the mortgagor, but the possession of the chattels mortgaged was retained by the mortgagor who died without paying off his obligation and his administrator, upon qualification, took possession of all his property including the chattels covered by this mortgage. In an action brought by the mortgagee to replevin the mortgaged goods, the court therein held that replevin would not lie against such administrator then in possession of the goods under such circumstances, but that the interest of the mortgagee in the property is transferred to the fund arising from the sale by the administrator.

Judge Price in his opinion, as the opening premise upon which this judgment is founded, states that there is nothing in the petition to indicate that the chattel mortgage involved in that case conferred any special powers, such as power to sell or make other disposition of the mortgaged property. And then at page 236, he says further, that the petition discloses no duty on the part of the mortgagee in respect to the property. It does not appear that he was authorized by the mortgage to sell at either public or private sale, nor does it appear what shall be done with the proceeds in case a sale should be made. This at least, is an intimation that had there been some special powers conferred upon the mortgagee by the mortgage, the judgment would be otherwise than there pronounced.

In the case at bar, however, the collateral security contract does give special powers and authority and explicit directions regarding the surplus resulting from any sale of the property. Also, in the case at bar the collateral security is found in the hands of the creditor at the death of the debtor.

By the debtor's own contract, made during his lifetime, the rights of the bank are defined. It is not claimed by the plaintiff that had Emanuel M. Ridenour lived he could have under any circumstances other than discharging his obligations to the bank, demanded the possession of this collateral security. His executor has no higher or greater rights than the deceased. He could not be charged, as executor, with any more than the balance of this security that came to his hands after it had been used for the purpose for which it was given. While the plaintiff may now have the general ownership of the property, yet this is subject to the conditions of the pledge and until a redemption is consummated, he would have no higher rights than the decedent whose place he now takes. To hold otherwise would be to create a new and different contract between the bank and its debtor. The petition must therefore be dismissed.

Before Judges Hughes, Justice & Crow.